NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUOHUA SHAO, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 13-73155 Agency No. A099-464-042 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Guohua Shao, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   Our

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **   The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination in light of the inconsistencies as to when Shao first learned of corruption at his workplace and acted against it, as well as the lack of detail in Shao's testimony regarding his organization of the anti-corruption protest. *See id.* at 1048 (adverse credibility determination reasonable under the "totality of circumstances"); *Jin v. Holder*, 748 F.3d 959, 966 (9th Cir. 2014) (agency properly considered lack of detail as one factor under the totality of circumstances). We reject Shao's contention that the agency did not sufficiently address his explanations for the inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Shao's asylum and withholding of removal claims based on his anti-corruption activities fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Shao does not challenge the BIA's denial of his claim based on China's

population control policy.   *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

Finally, we lack jurisdiction to consider Shao's contention as to CAT relief because he did not exhaust it before the BIA.   *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).   We also lack jurisdiction to consider any request by Shao for prosecutorial discretion.   *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**